IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:25-CV-00716-KDB-DCK

EMMETT W. CALDWELL,

    Plaintiff,

    v.

CHRISTOPHER JOHNSON, ET AL.,

    Defendants.

**MEMORANDUM AND ORDER**

**THIS MATTER** is before the Court on Plaintiff's Motion to Proceed In Forma Pauperis ("IFP") (Doc. No. 2). For the reasons discussed below, the Court will GRANT the Motion for the limited purpose of conducting an initial review but DISMISS Plaintiff's Complaint without prejudice after conducting that review.

**I.    Plaintiff's Motion to Proceed IFP**

"The federal in forma pauperis statute, enacted in 1892 and presently codified as 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342-43 (1948)). To achieve its goal, the IFP statute "allows a litigant to commence a civil or criminal action in federal court in forma pauperis by filing in good faith an affidavit stating … that he is unable to pay the costs of a lawsuit." *Id*. In his IFP motion, Plaintiff states that he currently has no job and does not list any assets. While the affidavit lacks information that the Court would expect in a comprehensive financial affidavit, it appears likely that Plaintiff's

1

expenses exceed his income, and the Court finds that he does not have assets that would allow him to pay for these proceedings. *See* Doc. No. 2.

Based on these representations, the Court will conditionally grant the motion and permit Plaintiff to proceed IFP solely for the limited purposes of this initial review.

**II.     Initial Review**

Because Plaintiff is proceeding IFP, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (explaining Congress enacted predecessor statute 28 U.S.C. § 1915(d) "to prevent abuse of the judicial system by parties who bear none of the ordinary financial disincentives to filing meritless claims"). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. *Neitzke*, 490 U.S. at 327-28.

In determining whether a complaint is frivolous, "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the Plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition.... lower courts [are directed] to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." *Nagy v. Fed. Med. Ctr. Butner*, 376 F.3d 252, 256–57 (4th Cir. 2004). In sum, in making its frivolity determination, the court may "apply common sense." *Nasim v. Warden., Md. House of Corr.*, 64 F.3d 951, 954 (4th Cir.1995) (*en banc*) (noting the district court's broad discretion in determining whether an *in forma pauperis* action is factually frivolous); *see Hubbard v. Goldsboro Police Dep't*, No. 5:24-CV-267-FL, 2024 WL 4179158, at *1–2 (E.D.N.C.

June 24, 2024), *report and recommendation adopted in part*, No. 5:24-CV-267-FL, 2024 WL 3899362 (E.D.N.C. Aug. 22, 2024), aff'd, No. 24-6869, 2025 WL 314809 (4th Cir. Jan. 28, 2025).

Plaintiff is appearing pro se, and it has long been established that a pro se complaint must be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the principles requiring generous construction of pro se complaints are not without limits. The district courts are not required "to conjure up questions never squarely presented to them" or ignore a clear failure to allege facts in the Complaint which set forth a claim that is cognizable under federal law. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see Weber v. Bailey*, No. 3:10CV317-MU-02, 2010 WL 2867413, at *1 (W.D.N.C. July 20, 2010) (Court is not required to "conjure up questions never squarely presented," "develop tangential claims from scant assertions in the complaint," or "rewrite a petition for the benefit of a plaintiff" (citations omitted)). As explained in *Beaudett*:

> *Pro se* lawsuits present district judges and magistrates with a special dilemma. On the one hand, they represent the work of an untutored hand requiring special judicial solicitude. On the other, they may present obscure or extravagant claims defying the most concerted efforts to unravel them. In *Gordon v. Leeke,* 574 F.2d 1147, *cert. denied,* 439 U.S. 970, 99 S.Ct. 464, 58 L.Ed.2d 431 (1978), this circuit … expressed the indisputable desire that those litigants with meritorious claims should not be tripped up in court on technical niceties. 574 F.2d at 1151.
>
> … [But] District judges are not mind readers. Even in the case of *pro se* litigants, they cannot be expected to construct full blown claims from sentence fragments, which is essentially what [Plaintiff] is seeking here.

*Beaudett*, 775 F.2d at 1277–78.

In order to state a claim on which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative

level ....' " *Twombly*, 550 U.S. at 555. While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Id*.

Here, Plaintiff's allegations and claims are, with all due respect, decidedly unclear. *See* Doc. No. 1. While the Complaint mentions violations of "civil rights," 42 U.S.C. § 1983, equal protection and the Americans with Disabilities Act, he does not allege any coherent set of facts that might plausibly support such claims. Indeed, it appears that Plaintiff's primary claim is that he was harmed by a tax foreclosure sale, a process governed by state rather than federal law. Further, although Plaintiff alleges that he is a Puerto Rican citizen and alleges "discrimination," there are no factual allegations that describe any discrimination on that basis. Therefore, the Court finds that Plaintiff's Complaint fails a frivolity review with respect to any potential claim under federal law (which is required for the Court to exercise jurisdiction in the absence of diversity of citizenship, which is not applicable). Plaintiff's claims will accordingly be dismissed without prejudice.

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's IFP motion (Doc. No. 2) is **GRANTED** for purposes of this Order**;**
2. Plaintiff's Complaint is **DISMISSED** without prejudice; and
3. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: September 25, 2025

Kenneth D. Bell
United States District Judge